# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| PHILLIP DIONTE BOLER, | : | Case No. 2:22-cv-2049 |
| Petitioner, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WARDEN, MARION CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## OPINION AND ORDER

Phillip Dionte Boler, a state prisoner proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.)  The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.  For the reasons that follow, the Court concludes that the Petition is a second or successive petition under 28 U.S.C. § 2244(b) and must be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

Petitioner, then proceeding as Phillip Dionte Boler-Bey, filed a first petition for a writ of habeas corpus in September 2019.  *See Boler v. Warden, Marion Corr. Inst.*, No. 2:19-cv-4321, 2019 WL 4751762, at *3 (S.D. Ohio Sept. 30, 2019) (report and recommendation).  This Court dismissed the petition as time-barred.  *Boler v. Warden, Marion Corr. Inst.*, No. 2:19-cv-4321, 2019 WL 5257542 (S.D. Ohio Oct. 16, 2019).  The Sixth Circuit denied Petitioner a certificate of appealability.  *Boler-Bey v. Wainwright*, No. 19-4132, 2020 WL 2530897 (6th Cir. Mar. 9, 2020), *reh'g denied* (Apr. 15, 2020).  It does not appear that Petitioner sought further review in the Supreme Court of the United States.

In March 2020, Petitioner filed a motion in the Sixth Circuit for authorization to file a second or successive habeas corpus petition. The Sixth Circuit denied his motion. *In re: Phillip Boler-Bey,* No. 20-3356 (6th Cir. Aug. 10, 2020).

Petitioner also filed a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure in his first habeas corpus case in July 2020. *Boler v. Warden, Marion Corr. Inst.*, No. 2:19-cv-4321 (Doc. 19). This Court denied his motion, and he appealed. *Id.* (Doc. 23, 24). This Court denied him a certificate of appealability, as did the Sixth Circuit. *See Boler-Bey v. Wainwright*, No. 21-4011 (6th Cir. Dec. 21, 2020).

Petitioner signed and submitted the instant habeas corpus petition to this Court on April 7, 2022. (Doc. 1, PageID 16.) Although acknowledging that he was sentenced in 2009, Petitioner asserts that the state trial court issued an "intervening judgment" on August 24, 2020. (*Id.*, PageID 1.) However, the judgment to which Petitioner refers, a "Nunc Pro Tunc Judgement Entry" (Doc. 1, PageID 21-24), is not a new judgment that would allow Petitioner to file second habeas corpus petition without the authorization of the Sixth Circuit.

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). "But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing 28 U.S.C. § 2244(b)(3)(C)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of

appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This District Court lacks jurisdiction to consider a second or successive petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*); 28 U.S.C. § 1631.

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 140 S. Ct. at 1705. However, as a general rule, a petition targeting the same state court judgment challenged by a prior petition is second or successive. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The relevant "judgment" for these purposes is the sentencing judgment. *See Burton,* 549 U.S. at 156 (quoting *Berman v. United States,* 302 U.S. 211, 212 (1937)) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

In the ordinary criminal case, there is one sentencing judgment. But "[w]hen courts engage in a full resentencing, the resulting sentence is a new 'judgment[.]'" *Freeman v. Wainwright,* 959 F.3d 226, 229 (6th Cir. 2020) (citing *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015)). More specifically, "[a] new, worse-than-before sentence . . . amounts to a new judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (citing *Burton*, 549 U.S. at 156-57). But even "limited resentencings that *benefit* the prisoner 'do not disturb the underlying initial judgment, which continues to constitute a final judgment.'" *Freeman*, 959 F.3d at 230 (quoting *Crangle*, 838 F.3d at 678) (emphasis added). As relevant here, a "new judgment" can be challenged "without clearing the second-or-successive hurdles" described in § 2244. *King,* 807 F.3d at 159; *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

The August 2020 Entry issued in Petitioner's state trial court case was not entered after a full resentencing.  In fact, the trial court found in a previous Entry that the issues prompting it were "clerical and administrative in nature, and do not rise to the level of requiring a hearing." (Doc. 1, PageID 17.)  The trial court expressly held that Petitioner was "not entitled under these facts to be resentenced."  (*Id*., PageID 19.)

The trial court found that the last time it had amended Petitioner's judgment entry (on October 2, 2009), two errors had been made.  (Doc. 1, PageID 18.)  First, the language used to describe Petitioner's total sentence, which has originally said "28 years to life," was inexplicably changed in the October 2009 Entry to read "life in prison with parole eligibility after twenty-eight (28) years in the State Penal System."  (*Id*.)  In the August 2020 Entry, the trial court changed it back to the correct and original "twenty-eight (28) years to life in prison."  (Doc. 1, PageID 21, 23.)

The trial court corrected a second unexplained error in the October 2009 Entry concerning post-release control.  Petitioner had originally been notified that he would have five years of mandatory post-release control.  (Doc. 1, PageID 18.)  The October 2009 Entry incorrectly said that he would have a *lifetime* parole requirement.  The trial court therefore corrected that term back to the original and correct five years of mandatory post-release control. (Doc. 1, PageID 21, 23-24.)

The August 28, 2020 Nunc Pro Tunc Judgement Entry merely corrected the trial court's record to address errors in a previous entry, an as such, is not a "new judgment" under *Crangle*. As that Court said:

> The phrase "nunc pro tunc" means "now for then" and "refers to situations in which the court's records do not accurately reflect its actions." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (citation omitted). Nunc pro tunc orders are customarily used only "to correct erroneous records," not to "revise the substance

4

of what transpired or to backdate events." *Id*. If the [new] nunc pro tunc order merely corrected a record to accurately reflect the court's actions, it would not be a new sentence that resets the [habeas corpus] statute of limitations[.]

*Crangle,* 838 F.3d at 680.  That is the case here.

Because the August 2020 Nunc Pro Tunc Judgement Entry merely corrected errors (and appears to have done so in Petitioner's favor), it was not a "new judgment" allowing Petitioner to re-start his habeas corpus process without the Sixth Circuit's authorization. *See King*, 807 F.3d at 159.  Accordingly, the Court that Petitioner's new habeas corpus petition is a second or successive petition under 28 U.S.C. § 2244(b).  It is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

  **IT IS SO ORDERED.**


June 16, 2022                  *s/ Elizabeth A. Preston Deavers*
                         ELIZABETH A. PRESTON DEAVERS
                         UNITED STATES MAGISTRATE JUDGE