# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

Phillip Dionte Boler-Bey,

        Petitioner,    :    Case No. 2:22-cv-2049

  - vs -                      District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

WARDEN, Marion Correctional
  Institution,

                               :
        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Philip Dionte Boler-Bey brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Athens County Court of Common Pleas for complicity to aggravated robbery and complicity to murder (Petition, ECF No. 1, PageID 1).

Upon initial screening Magistrate Judge Elizabeth Preston Deavers concluded the Petition was a second petition directed to the same conviction as Petitioner's previous case, 2:19-cv-4321, and ordered it transferred to the Sixth Circuit (ECF No. 4) for evaluation under 28 U.S.C. § 2244(b). That court determined that Petitioner's due process claim concerning the trial court's amendment to his charging documents in 2009 could not proceed without authorization under 28 U.S.C. § 2244(b) and it declined to grant that authorization because Boler-Bey "concedes that his claim does not rely on any new law or new facts." *In re: Phillip Dionte Boler-Bey*, 6th Cir. Case No. 22-3542 (6th Cir. Nov. 29, 2022)(unpublished; copy at ECF No. 5).

As to his claim arising out of the *nunc pro tunc* entry on August 24, 2020, the circuit court

decided he needed no authorization "because that claim was not ripe when he first petitioned for federal habeas corpus relief in 2019." *Id.* at PageID 59 citing *Panetti v. Quarterman*, 551 U.S. 930, 944-47 (2007)(holding that claims that are not ripe at the time of the petitioner's first habeas petition are not second or successive); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) ("[A] numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition."). The circuit court then remanded the case to this Court. *Id.*.

Upon remand, Magistrate Judge Deavers ordered Petitioner to file an amended petition embodying the claim approved to proceed (ECF No. 6) which Petitioner has done (ECF No. 7). The case is now ripe for decision on the Amended Petition, the State Court Record[1] (ECF Nos. 13 & 14), the Return of Writ (ECF No. 15), and Petitioner's Reply (ECF No. 18).

**Litigation History**

On February 20, 2009, an Athens County, Ohio, grand jury indicted Petitioner on one count of aggravated robbery with a firearm specification in violation of Ohio Revised Code § 2911.01(A)(3) and one count of complicity to commit murder in violation of Ohio Revised Code § 2903.02(B), also with a firearm specification. (Indictment, State Court Record, ECF No. 13 PageID 98-100). A trial jury convicted him and he was sentenced to an aggregate term of twenty-eight years to life.

---

[1] The State Court Record as filed does not comply with Judge Deavers' Order that "the record must be indexed by insertion of "bookmarks" in the .pdf version of the state-court record uploaded to the Court's CM/ECF system that display each exhibit and the name of that exhibit in the record." (ECF No. 9, PageID 81). Bookmarks in a document the size of the State Court Record in habeas corpus cases substantially advance judicial economy in referencing the record. Had the case not been ripe for decision when transferred, the undersigned would have required that the record be re-filed in compliance with Judge Deavers' Order.

2

With new counsel, Petitioner appealed, raising one assignment of error. The Ohio Fourth District Court of Appeals, however, affirmed. *State v. Boler*, 2010 WL 2802373 (Jul. 12, 2010). Petitioner did not appeal to the Supreme Court of Ohio. However, on September 13, 2010, Petitioner filed an application to reopen the appeal under Ohio R. App. P. 26(B), claiming ineffective assistance of appellate counsel in failure to raise twelve assignments of error. The Fourth District denied the application initially and on motion for reconsideration; again Petitioner did not appeal to the Supreme Court of Ohio.

On September 25, 2014, Boler filed a *pro se* motion to vacate a void judgment in the Fourth District Court of Appeals (Motion, State Court Record ECF No. 13 PageID 258-267) which was denied and no appeal was taken. This was followed by two unsuccessful motions for judgment on the pleadings in the Fourth District, neither of which was appealed to the Supreme Court.

On July 24, 2020, the trial court denied Petitioner's new motion to vacate a void judgment, but determined that the October 2, 2009, *nunc pro tunc* sentencing entry needed further *nunc pro tunc* clerical corrections. (Entry, State Court Record, ECF No. 13, Ex. 61 PageID 598-601). Petitioner had requested a hearing at which he would be present which the trial judge denied:

> The Court finds that Defendant's motion, at best, asserts perceived issues with the sentencing entry which are clerical and administrative in nature, and do not rise to the level of requiring a hearing. Crim.R. 43(A) contemplates the physical presence of a defendant during critical criminal proceedings through the trial phase and not necessarily for motions concerning post conviction relief such as those alleged. Therefore, Defendant's motion for hearing is denied.

*Id.* at PageID 598. The judge upheld two of the three corrections for which Petitioner had argued and instructed the prosecutor to prepare a new *nunc pro tunc* judgment reflecting that decision. *Id.* at PageID 601. That new *nunc pro tunc* judgment was filed (*Id.* at PageID 607-10) and Petitioner again appealed, raising one assignment of error:

3

> The trial court erred to the prejudiced [sic] of Appellant's right to due process of law where its August 24, 2020, nunc pro tunc entry corrected an unauthorized sentence outside his presence in violation of CrimR.43(A).

*Id.* at PageID 612. In his Brief, Petitioner relied on Ohio law which requires that when a defendant is re-sentenced, he must be present. Petitioner called "unconscionable" the trial judge's finding that the error in the October 2009 judgment was clerical in nature; he made no comment on the trial judge's finding that the new *nunc pro tunc* judgment would embody the sentence originally pronounced in open court in Petitioner's presence. At no place in his Brief or Reply Brief in thid Court does he cite any federal law.

In affirming the trial court, the Fourth District first held that it was proper to use a *nunc pro tunc* entry to accomplish what the trial court needed to do:

> Thus, because the court sentenced appellant to serve "twenty eight [years] to life," the August 24, 2020 *nunc pro tunc* entry accurately reflects appellant's sentence, the sentence the court actually imposed at the June 19, 2009 sentencing hearing. Consequently, we believe that the trial court in the case at bar properly corrected the previous language contained in a sentencing entry with a *nunc pro tunc* entry.

*State v. Boler,* 2021 WL 5356581 ¶ 28 (4th Dist. Nov. 8, 2021). The court further held that Ohio R. Crim. P. 43(A) requires a defendant to be present when a sentence is modified, but there was no modification here. Rather the new *nunc pro tunc* judgment reflected the sentence originally imposed in open court during the sentencing hearing. *Id.* at ¶¶ 29-30. The Fourth District cited no federal law and gave no clue it thought it was deciding a federal constitutional question. The Ohio Supreme Court declined to hear a further appeal. *State v. Boler,* 166 Ohio St.3d 1414 (2022).

Petitioner's Amended Petition pleads one Ground for Relief:

> **Ground One:** Boler-Bey was deprived of due process where *nunc pro tunc* entry corrected invalid sentences in his absence.

4

> **Supporting Facts:** Because Boler-Bey's sentences were significantly modified by the trial court issuing multiple nunc pro tunc orders, he was entitled to be present with counsel for resentencing with a full explanation for resentencing. The August 24, 2020 *nunc pro tunc* order correcting the sentences was improper where it imposed sentences.

(ECF No. 9, PageID 67).

# Analysis

**Statute of Limitations**

Respondent asserts the Amended Petition is barred by the statute of limitations, 28 U.S.C. § 2244(d). Respondent notes that Petitioner was sentenced in June, 2009, and his sentence has not changed since then. Although the Return does not spell out the calculation under § 2244(d)(1)(A), it appears to be Respondent's position that the statute began to run when the conviction became final on direct appeal. That would have been on the last date on which Petitioner could have appealed from denial of his Application for Reopening under Ohio R. App. P. 26(B0, forty-five days after the Fourth District entered its decision on November 22, 2010, or January 6, 2011. Under this calculation, the statute would have run January 6, 2012, and the Amended Petition would be barred.

However, the claim on which the Sixth Circuit ruled Petitioner could proceed did not arise until the filing of the August 24, 2020, *nunc pro tunc* judgment entry and direct review of that judgment did not conclude until the Supreme Court of Ohio declined to accept an appeal from the Fourth District's most recent decision on March 1, 2022. The original Petition in this case, which includes in substance the claim in the Amended Petition, was filed well within one year of that date. Respondent's statute of limitations defense is not well taken.

**Procedural Default**

Respondent asserts habeas corpus review of the merits of Petitioner's claim is barred by his failure to fairly present it to the Ohio courts (Return, ECF No. 15, PageID 1499-1502).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Because of this limitation, this Court cannot review the many state law questions argued by Petitioner in his Traverse. Thus whether it was proper for the Common Pleas Court to act by *nunc pro tunc* entry is a question of Ohio law which we cannot review and on which we are bound by the decision of the Fourth District. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Nor can we review whether the Fourth District properly interpreted Ohio R. Crim. P. 43. We cannot decide whether the Common Pleas Court properly applied the terms of Ohio's sentencing statutes. Nor can we decide whether Petitioner's sentence and the sentencing procedure are consistent with the Ohio Constitution; that is also a question of Ohio law.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis

of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

> A claim is fairly presented if the petitioner
>
> > (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

The only federal constitutional question presented by the Amended Petition is whether Petitioner had a federal constitutional right to be present for the entry of the August 24, 2020, *nunc pro tunc* judgment entry. The Magistrate Judge concludes that question was not fairly presented to the Ohio courts. As noted above, Petitioner never cited any federal case law in arguing this case in the Ohio courts. Nor did he rely on state cases employing federal constitutional analysis.

His sole arguable reference to federal constitutional law is that he claimed his absence from any hearing[2] on his motion to vacate the sentence denied him "due process." The Sixth Circuit has repeatedly held that recitation of those words is not enough for fair presentation. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000),

---

[2] No in-court oral hearing was held on the motion. It was "heard" in the sense that the trial judge considered the papers filed on the motion and decided on the basis of the papers.

*citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Petitioner also failed on the fourth *Hand* alternative – alleging facts well within the mainstream of constitutional law.  A defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure, i.e., be useful in ensuring a more reliable determination.  *Buell v. Mitchell*, 274 F.3d 337, 363 (6th Cir. 2001), *citing Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Petitioner relies on *Stincer* in his Traverse and makes an argument about why his presence would have been critical to the outcome (ECF No. 18, PageID 1530, *et seq.*)  But he never made any such argument to the Ohio courts.

In sum the Magistrate Judge concludes Petitioner has procedurally defaulted his claim that he had a constitutional right to be present at a hearing on whether to correct the October 2009 *nunc pro tunc* entry with another entry of the same character.  Petitioner does not offer any purportedly excusing cause or prejudice nor any new evidence of his actual innocence.

**Certificate of Appealability**

Petitioner requests that if the Court denies him relief on the merits, it grant him a certificate of appealability so that he can present his case to the Sixth Circuit (Traverse, ECF No. 18, PageID 1534, et seq.)  The sole issue on which Petitioner says reasonable jurists would disagree is whether

the *nunc pro tunc* August 24, 2020, is a new worse-than-before sentence such that the statute of limitations is re-started. But that would not be a disagreement with this recommended decision because the Magistrate Judge has rejected Respondent's statute of limitations defense. The disagreement required for issuing a certificate is about some decision the District Court has made. Of course if the State of Ohio appeals raising the statute of limitations, Petitioner will not need a certificate of appealability to be heard on the question.

**Conclusion**

Based on the foregoing analuysis, the Magistrate Judge respectfully recommends that the Amended Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 24, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
